# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10111
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO SALAZAR, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:16-CR-72-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Arturo Salazar, Jr., was arrested after a traffic stop led to the discovery of 12 kilograms of methamphetamine and a pistol in his vehicle. He was initially charged by indictment with one drug-trafficking offense. Shortly after he filed a motion to suppress, the Government obtained a superseding indictment that added one count of possession of a firearm in furtherance of a drug-trafficking offense. The district court denied the motion to suppress, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10111

Salazar pleaded guilty without a plea agreement to both counts of the superseding indictment. He was sentenced to 188 months of imprisonment on the drug charge and a consecutive 60 months on the firearm charge. In his sole issue on appeal, Salazar argues for the first time that his 60-month sentence on the firearm charge should be vacated because the superseding indictment was the result of prosecutorial vindictiveness over his motion to suppress.

Reviewing Salazar's unpreserved claim of prosecutorial vindictiveness for plain error, *see United States v. Thomas*, 991 F.2d 206, 208, 215-16 (5th Cir. 1993), we affirm. Salazar fails to demonstrate prosecutorial vindictiveness on this record, let alone prosecutorial vindictiveness that is clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Goodwin*, 457 U.S. 368, 381 (1982); *United States v. Saltzman*, 537 F.3d 353, 361-63 (5th Cir. 2008); *United States v. Cooks*, 52 F.3d 101, 105-06 (5th Cir. 1995). Accordingly, the judgment of the district court is AFFIRMED.